UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN NELSON MURRAY, | ) | |
| | ) | |
| Petitioner, | ) | 2:12-cv-02212-JCM-VCF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRIAN E. WILLIAMS, SR. *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is respondents' motion to partially dismiss the petition. (ECF No. 10).

**I. Procedural History**

On July 23, 2008, a grand jury indictment was filed by the Clark County clerk, charging petitioner with two counts of driving while under the influence causing death or substantial bodily harm and one count of vehicular homicide. (Exhibit 4).[1]

---

[1]The exhibits referenced in this order are found in the court's record at ECF Nos. 11-19.

1       Petitioner entered a not guilty plea at his arraignment on July 31, 2008.  (Exhibit 5, at p. 1). The state district court set the matter for a January 13, 2009 calendar call and jury trial on January 20, 2009.  (*Id.*).

      Petitioner filed a motion to suppress evidence on November 24, 2008, arguing that the blood draw was the result of an illegal detention.  (Exhibit 6).  After briefing and oral argument, the state district court denied the motion to suppress.  (Exhibit 1, p. 2; Exhibit 9).

      On December 23, 2008, the State filed their notice of expert witnesses.  (Exhibit 10).  On that date, petitioner filed a motion to sever Count 3, arguing that it was unfair to place petitioner's prior felony and misdemeanor DUI convictions in front of the jury when those convictions are not relevant to the charges in Counts 1 and 2.  (Exhibit 11).

      On December 24, 2008, petitioner filed a motion to dismiss the indictment, arguing that the State presented improper evidence to the grand jury and offered opinions and interpretations. (Exhibit 12).  On that date petitioner also filed a motion to compel disclosure. (Exhibit 13).  On December 29, 2008, petitioner noticed an expert witness in the field of drug analysis and effects on the ability to drive.  (Exhibit 14).

      On December 31, 2008, the State filed a motion to preclude the defense expert from testifying and also filed an opposition to the motion to sever.  (Exhibits 15-16).  On January 2, 2009, the State filed oppositions to the motions to dismiss and motion for discovery.  (Exhibits 17, 18).  On January 7, 2009, petitioner filed an addendum to the defense's notice of experts.  (Exhibit 19).  On January 7, 2009, petitioner also filed a reply to the State's opposition to the motion to dismiss. (Exhibit 20).  On January 8, 2009, petitioner filed an opposition to the State's motion in limine. (Exhibit 21).

      On January 13, 2009, the trial court conducted a hearing on the pending motions.  (Exhibit 22).  The State withdrew their motion in limine; the trial court granted the motion for discovery and

1  denied the other motions. (Exhibit 22). The court entered its written order on February 3, 2009.
2  (Exhibit 23). The trial was continued at the request of both parties. (Exhibit 1, p. 5).

3  At the March 17, 2009 calendar call, the parties announced they were ready for trial. (Exhibit
4  24). On March 23, 2009, the parties stipulated that the submission of the defendants' prior DUIs
5  would be treated as a sentencing enhancement. (Exhibit 25). The parties also stipulated to two
6  additional facts. (Exhibit 26). Trial started with jury selection on March 23, 2009, and continued
7  through March 30, 2009. (Exhibits 27-34). The jury convicted petitioner of both counts. (Exhibit
8  35).

9  The State submitted a sentencing memorandum on May 12, 2009. (Exhibit 37). The parties
10 appeared before the court for sentencing on May 21, 2009. (Exhibit 38). The trial court sentenced
11 petitioner to consecutive sentences of life with parole after ten years, and twenty years with parole
12 eligibility after eight years. (*Id.*, at pp. 31-32). The judgment of conviction was filed on June 15,
13 2009. (Exhibit 39). Petitioner filed a notice of appeal of July 7, 2009. (Exhibit 40).

14 Petitioner filed his opening brief on February 17, 2010. (Exhibit 41). The Nevada Supreme
15 Court affirmed petitioner's convictions in an order filed February 3, 2011. (Exhibit 47). Remittitur
16 issued on March 10, 2011. (Exhibit 48).

17 On April 4, 2011, petitioner filed a post-conviction habeas petition in the state district court.
18 (Exhibit 49). On September 2, 2011, the state district court entered findings of fact, conclusions of
19 law, and order denying the post-conviction habeas petition. (Exhibit 58).

20 Petitioner filed a notice of appeal on August 22, 2011. (Exhibit 59). On October 6, 2011,
21 petitioner filed a pleading in the Nevada Supreme Court captioned "Reply Brief to State/Courts
22 Defective and Faulty Findings of Fact, and Conclusion of Law, and Order, Now on Appeal to this
23 Court." (Exhibit 60). The Nevada Supreme Court affirmed the denial of the post-conviction habeas
24 petition in an order filed March 7, 2012. (Exhibit 62). On May 9, 2012, the Nevada Supreme Court
25
26

3

1  denied petitioner's motion for rehearing.  (Exhibit 63).  Remittitur issued on June 4, 2012.  (Exhibit
2  65).
3        Petitioner dispatched his federal habeas petition to this court on December 21, 2012.  (ECF
4  No. 6, at p. 1).  Respondents have filed a motion to dismiss certain grounds of the petition.  (ECF
5  No. 10).  Petitioner filed an opposition to the motion.  (ECF No. 20).  Respondents filed a reply.
6  (ECF No. 21).

**II. Discussion**

    **A. Exhaustion Standard**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief.  *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002).  The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged

1  violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala*
2  *v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a
3  simple and clear instruction to potential litigants: before you bring any claims to federal court, be
4  sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.
5  2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

6      A claim is not exhausted unless the petitioner has presented to the state court the same
7  operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California*
8  *Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met
9  when the petitioner presents to the federal court facts or evidence which place the claim in a
10 significantly different posture than it was in the state courts, or where different facts are presented at
11 the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.
12 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.
13 Supp. 455, 458 (D. Nev. 1984).

14     **B.  Ground I(H)**

15     Petitioner claims violations of due process, fair trial, equal protection, and ineffective
16 assistance of counsel because jury instructions 7, 11, 16, and 21 "did not properly place every
17 element of the offense before the trier of fact." (ECF No. 6, at p. 24).

18     Respondents contend that ground I(H) is unexhausted.  Petitioner never presented a claim of
19 due process, fair trial, or equal protection in either his opening brief on direct appeal or in his post-
20 conviction habeas corpus petition filed in the state district court. (Exhibit 41 & 49).  In his state
21 habeas petition, petitioner did not present a claim that trial counsel was ineffective for failing to
22 object to jury instructions 7, 11, 16, or 21.  (Exhibit 49).  The petition did not allege improprieties
23 with any of the jury instructions.  (*Id.*).

24     In his opening brief on direct appeal, petitioner raised claims attacking the verdict form, the
25 step-down instructions in jury instructions 16 and 21 because they lessened the burden of proof, and
26

5

challenging jury instruction 3, the reasonable doubt instruction. (Exhibit 41). Petitioner's ground I(H) claim in the federal petition, which argues that jury instructions 7, 11, 16, and 21 "did not properly place every element of the offense before the trier of fact," is a different claim from the claim on direct appeal that jury instructions 16 and 21 lessened the burden of proof. Claims regarding burden of proof (strength of evidence) and omission of elements (what facts must be proved) are discreetly different, as explained by the United States Supreme Court. Discussing the fact that proving the elements of the crime and the burden of proof are two different aspects of a guilty verdict, the Court ruled:

> When the fact-finder must determine to return a verdict of guilty is prescribed by the due process clause. The prosecution bears the burden of proving all elements of the offense charged, *see, e.g., Patterson v. New York*, 432 U.S. 197, 210 (1977); *Leland v. Oregon*, 343 US. 790, 795 (1952), and must persuade the fact-finder "beyond a reasonable doubt" of the facts necessary to establish each of those elements, *see, e.g., in re Winship*, 397 U.S. 358, 364 (1970); *Cool v. United States*, 409 U.S. 100, 104 (1972) (per curium).

*Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993) (emphasis added). Because the burden of proof and proving the elements of a crime are two different aspects of a verdict, claims pertaining to the burden of proof are not interchangeable with claims regarding the elements of the crimes.

In his opposition to the motion to dismiss, petitioner argues that he presented the claim in ground I(H) within his *pro per* pleading filed with the Nevada Supreme Court on appeal from the denial of his post-conviction habeas petition. (ECF No. 20, at p. 3, citing Exhibit 60, at p. 11).

If a petitioner presents a claim for the first and only time in a procedural context in which the merits will not be considered absent special circumstances, the petitioner has not fairly presented the claim to the state courts. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Nevada Supreme Court regularly declines consideration of claims presented for the first time on appeal, or in a brief other than the opening brief. *See Singer v. Chase Manhattan Bank*, 111 Nev. 289, 292, 890 F.2d 1305, 1307 (1995). In the instant case, petitioner's presentation of ground I(H) was procedurally defective because petitioner failed to raise the claim in his state post-conviction habeas petition. Instead, he

6

1  presented the claim for the first and only time in his *pro per* pleading on appeal to the Nevada

2  Supreme Court from the state district court's denial of his petition.  The Nevada Supreme Court

3  declined consideration of the claim, as follows:

> We have reviewed all documents that appellant has submitted in proper person to the clerk of the court in this matter and we conclude that no relief based upon those submissions is warranted.  *To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.*

(Exhibit 62, at p. 11, n.11) (emphasis added).

Petitioner presented the claim in ground I(H) for the first and only time in an appellate brief to the Nevada Supreme Court.  Because the claim was presented to the Nevada Supreme Court in a procedural context in which the merits would not be considered absent special circumstances, petitioner has not fairly presented the claim in ground I(H) to the state courts.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Ground I(H) of the federal habeas petition is unexhausted.

**C. Ground II**

Respondents argue that both parts of ground II should be dismissed for failure to state a specific claim upon which relief can be granted and failure to exhaust the claims in state court.

**1. Ground II(A)**

Petitioner alleges that "appellate counsel failed to raise significant and obvious issues of trial counsel.  The failure is to be viewed as deficient performance."  (ECF No. 6, at p. 34).  Habeas rules require that a petition "specify all the grounds for relief available to petitioner," and that the petition must "state the facts supporting each ground."  Rule 2(c)(1) and (2) of the Rules Governing Section 2254 Cases.  Petitioner's allegation that appellate counsel "failed to raise significant and obvious issues" fails to meet the pleading standard required for federal habeas corpus petitions.

The only issue raised in ground II(A) of the federal petition that relies on specific facts is petitioner's allegation that "appellate counsel should have raised the illegal stipulation to procedure that was signed by the judge, prosecutor, and public defender, all without defendant's consent."

...

(ECF No. 6, at p. 36). However, this claim is not exhausted because petitioner never presented the specific facts of this allegation to the Nevada courts in his state habeas corpus petition. (Exhibit 49). In his state habeas petition, petitioner merely alleges that appellate counsel was ineffective for failing to raise on direct appeal various claims that petitioner's trial counsel was ineffective. (Exhibit 49, at pp. 16-17). The portion of ground II(A) that alleges the failure of appellate counsel to raise a claim regarding the "illegal stipulation to procedure" on direct appeal is unexhausted. The remainder of ground II(A) fails to state a specific claim on which habeas relief can be granted and is dismissed on that basis.

### 2. Ground II(B)

Petitioner alleges that: "Defendant is submitting appellate counsel[']s direct appeal, for this court[']s review and ruling on the issues appellate counsel raised in direct appeal to the Nevada Supreme Court." (ECF No. 6, at p. 35). Attached to the federal petition are the following documents: petitioner's judgment of conviction filed June 15, 2011; the Nevada Supreme Court's order of affirmance, on direct appeal, filed February 3, 2011; findings of fact, conclusions of law, and order of the state district court, filed September 2, 2011; and the Nevada Supreme Court's order of affirmance of the denial of the state habeas petition, filed March 7, 2012. (ECF No. 6, at pp. 54-82). In ground II(B), petitioner voices his disagreement with the Nevada Supreme Court's orders of affirmance. (ECF No. 6, at pp. 35-38).

Habeas rules require that a petition "specify all the grounds for relief available to petitioner," and that the petition must "state the facts supporting each ground." Rule 2(c)(1) and (2) of the Rules Governing Section 2254 Cases. Petitioner alleges no specific facts and raises no claims of ineffective assistance of appellate counsel in ground II(B). Petitioner simply states his general disagreement with the Nevada Supreme Court's rulings. Merely attaching the Nevada Supreme Court's orders of affirmance to the petition and expressing disagreement with such orders is

8

insufficient to state a cognizable ground for habeas corpus relief. Ground II(B) fails to state a specific claim on which habeas relief can be granted and is dismissed on that basis.

### D. Ground III

#### 1. Ground III(A)

Petitioner alleges that the trial court wrongly denied his motion to suppress blood draw evidence. (ECF No. 6, at p. 40). Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47 (1986). The Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review created no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann,* 477 U.S. at 447.

In this case, petitioner asserts that the results of a blood draw should have been suppressed. A review of the state court record indicates that petitioner was given a full and fair opportunity to litigate his claim regarding the motion to suppress before the state courts. *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990); *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981). Specifically, petitioner filed a motion to suppress the results of a blood draw. (Exhibit 6). The issue was litigated before the trial court at a hearing on December 9, 2008. (Exhibit 9). The trial court offered petitioner an opportunity to conduct an evidentiary hearing, which was declined. (Exhibit 9, at p. 2). At the conclusion of the hearing, the trial court denied the motion to suppress. (Exhibit 9). The trial court's denial of the motion to suppress was raised on direct appeal and was affirmed by the Nevada Supreme Court. (Exhibits 41 & 47). The claim regarding petitioner's motion to suppress evidence

was exhaustively litigated in the state courts. Because petitioner had the opportunity to fully and fairly litigate the evidence suppression claim that he now presents in his federal habeas petition, this court is precluded from reviewing that claim. Ground III(A) is dismissed pursuant to *Stone v. Powell,* 428 U.S. 465, 495 (1976).

### 2. Ground III(B)

Petitioner alleges that the trial court erred by allowing a stipulation between the parties without first personally canvassing petitioner, in violation of his due process rights. (ECF No. 6, at p. 40). Petitioner did not present this claim in his direct appeal. (Exhibit 41). In his state habeas proceedings, petitioner presented the claim that trial counsel was ineffective for entering into the stipulation. (Exhibit 49, at p. 11). The substantive claim that the trial court erred by allowing the stipulation was never presented to the state courts. Petitioner's claim is unexhausted, because the analysis of the substantive claim and the ineffective assistance of counsel claim is different. The ineffective assistance of counsel claim is analyzed under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). Analysis of the substantive claim regarding the stipulation involves an inquiry into whether the alleged error infected the entire trial so as to be a violation of due process. *See Henderson v. Kibbe*, 431 U.S. 145 (1977). Ground III(B), the substantive claim regarding the stipulation in petitioner's state court proceedings, is unexhausted.

### E. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that the following grounds of the federal habeas petition are unexhausted: (1) ground I(H); (2) the portion of ground II(A) that alleges ineffective assistance of appellate counsel for failure to raise a claim regarding the "illegal stipulation

to procedure" on direct appeal; (3) ground III(B). Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; or

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to partially dismiss the petition (ECF No. 10) is **GRANTED,** as follows:

1. Ground I(H) of the federal habeas petition is **UNEXHAUSTED.**

2. The portion of ground II(A) of the federal habeas petition that alleges the ineffective assistance of appellate counsel for failure to raise a claim regarding the "illegal stipulation to procedure" on direct appeal is **UNEXHAUSTED.**

3. The remainder of ground II(A) of the federal habeas petition fails to state a specific claim on which habeas relief can be granted and is **DISMISSED WITH PREJUDICE**.

4. Ground II(B) of the federal habeas petition fails to state a specific claim on which habeas relief can be granted and is **DISMISSED WITH PREJUDICE**.

1    5. Ground III(A) of the federal habeas petition is **DISMISSED WITH PREJUDICE**, pursuant to *Stone v. Powell,* 428 U.S. 465, 495 (1976).

    6. Ground III(B) of the federal habeas petition is **UNEXHAUSTED.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents shall respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this  22nd  day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE