UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN NELSON MURRAY, | ) | |
| Petitioner, | ) | 2:12-cv-02212-JCM-VCF |
| vs. | ) | **ORDER** |
| BRIAN E. WILLIAMS, SR. *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed January 22, 2014, the court granted respondents' motion to partially dismiss the petition. (ECF No. 23). Because the court ruled that grounds I(H) and II(A) were unexhausted, making the petition a "mixed petition" containing both exhausted and unexhausted claims, the court granted petitioner thirty days in which to choose among the following three options:

   1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; or

> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).  (ECF No. 23, at p. 11).

On February 25, 2014, petitioner filed a one-page notice indicating that he chooses option #3, among the options given to him in the court's order of January 22, 2014.  (ECF No. 24).  On February 27, 2014, petitioner filed a similar document, indicating that he chooses option #3.  (ECF No. 25).  It is not sufficient for petitioner to simply say that he chooses option #3.  Petitioner must file an actual motion asking this court to stay and abey the federal petition while he returns to state court to exhaust his unexhausted claims.  The court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has established good cause for his failure to exhaust the unexhausted claims; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.  *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008); *see Rhines v. Weber*, 544 U.S. 269 (2005).  To the extent that petitioner seeks a stay in this action, he must file a motion for a stay, making the above three-pronged showing, in accordance with *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008) and *Rhines v. Weber*, 544 U.S. 269 (2005).

**IT IS THEREFORE ORDERED** that within **thirty (30) days** from the date of entry of this order, petitioner shall file a motion for a stay so that he may return to state court to exhaust his unexhausted claims.  In the alternative, petitioner may choose from one of the other two options given to him in the court's order of January 22, 2014, to be filed within **thirty (30) days** from the date of entry of this order.

1  **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time
2  permitted, this case may be dismissed with prejudice in its entirety.
3        DATED March 3, 2014.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE