1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

7
8
9   STEVEN NELSON MURRAY,

10          Petitioner,                          Case No. 2:12-cv-02212-RFB-VCF

11   vs.                                          **ORDER**

12   BRIAN E. WILLIAMS, *et al.*,

13          Respondents.

14

15          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254

16   by a Nevada state prisoner.  Before the Court is petitioner's motion for a stay and abeyance pursuant

17   to *Rhines v. Weber*, 544 U.S. 269 (2005).  (ECF No. 32).

18          By order filed January 22, 2014, this Court granted respondents' motion to partially dismiss

19   the petition.  (ECF No. 23).  The Court ruled that the following grounds of the federal habeas

20   petition are unexhausted:  (1) ground I(H); (2) the portion of ground II(A) that alleges ineffective

21   assistance of appellate counsel for failure to raise a claim regarding the "illegal stipulation to

22   procedure" on direct appeal; (3) ground III(B).  A federal court cannot entertain a petition for a writ

23   of habeas corpus unless the petitioner has exhausted available and adequate state court remedies

24   with respect to each of the claims contained in the petition.  *Rose v. Lundy*, 455 U.S. 509, 519

25   (1982).  In the case of a "mixed" petition containing both exhausted and unexhausted claims,

26   petitioner has the following options:  (1) He may submit a sworn declaration voluntarily abandoning

27   the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; (2)

28   he may return to state court to exhaust his unexhausted claims, in which case his federal habeas

1  petition will be denied without prejudice; or (3) he may file a motion asking this court to stay and

2  abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted

3  claims. *See Rose v. Lundy*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*,

4  315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). The Court gave

5  petitioner these options for dealing with his unexhausted claims in the order of January 22, 2014.

6  (ECF No. 23, at pp. 10-12).

7       Petitioner has filed a motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S.

8  269 (2005). (ECF No. 32). Respondents oppose petitioner's motion. (ECF No. 33). Petitioner has

9  filed a reply to the opposition. (ECF No. 36).

10       In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court placed

11  limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to

12  exhaust claims. The *Rhines* Court stated:

13          [S]tay and abeyance should be available only in limited circumstances.
Because granting a stay effectively excuses a petitioner's failure to

14          present his claims first to the state courts, stay and abeyance is only
appropriate when the district court determines there was good cause for

15          the petitioner's failure to exhaust his claims first in state court.
Moreover, even if a petitioner had good cause for that failure, the district

16          court would abuse its discretion if it were to grant him a stay when his
unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2)

17          ("An application for a writ of habeas corpus may be denied on the
merits, notwithstanding the failure of the applicant to exhaust the

18          remedies available in the courts of the State").

19  *Rhines*, 544 U.S. at 277. The Court in *Rhines* went on to state that, "[I]t likely would be an abuse of

20  discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good

21  cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

22  indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The

23  United States Supreme Court has also stated that: "[a] petitioner's reasonable confusion about

24  whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to

25  exhaust." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278).

26       In the instant case, petitioner's federal petition is undisputedly a mixed petition. Petitioner

27  has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal

28  petition prior to filing it. Further, the grounds of the federal petition that petitioner seeks to exhaust

in state court are not "plainly meritless" under the second prong of the *Rhines* test.  Finally, there is no indication that petitioner engaged in dilatory litigation tactics.  The Court has considered and rejected respondents' points in opposition to petitioner's motion for stay.  This Court concludes that petitioner has satisfied the criteria for a stay under *Rhines*.  Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

**IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance (ECF No. 32) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **STAYED** pending exhaustion of the unexhausted claims.  Petitioner may move to reopen the matter following exhaustion of the claims.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court to exhaust his unexhausted claims within **forty-five (45) days** from the entry of this order and returning to federal court with a motion to reopen the case within **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that as a condition of the stay, petitioner shall exhaust <u>all</u> of his unexhausted claims in state court during the stay of this action.

**IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a motion by respondents if petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed pursuant to this order.

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE** this action, until such time as the Court grants a motion to reopen the matter.

Dated this 31st day of March, 2015.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE