UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN NELSON MURRAY,<br><br>　　　　　　Petitioner,<br>　v.<br>BRIAN WILLIAMS, SR., et al.,<br><br>　　　　　　Respondents. | Case No. 2:12-cv-02212-RFB-VCF<br><br>ORDER |

This counseled habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss the amended petition, in part, as untimely, unexhausted, procedurally defaulted, and precluded (ECF No. 64). Petitioner has opposed (ECF No. 67), and respondents have replied (ECF No. 70). In addition, petitioner has filed a motion for leave to file supplemental authority, which has not been opposed (ECF No. 71).

**I. Background**

Petitioner in this action challenges his 2009 state court conviction, pursuant to jury trial, of one count of driving while under the influence causing death or substantial bodily harm and one count of vehicular homicide. (ECF No 60; Ex. 39).[1]

The charges against petitioner arose from an accident that occurred in the early morning hours of July 7, 2008.[2] (ECF No. 60 at 2). Petitioner was driving to work when he crashed his car into a bus stop, killing one of the women waiting there and severely injuring the other. (*Id.*) After the crash, petitioner climbed out of his car, walked to the curb and sat down. (*Id.* at 2-3). Police arrived a few minutes later, at 5:39 a.m. (*Id.* at 3). Petitioner admitted he had taken prescribed doses of Valium and Percocet the night before, and at 6:40 a.m. the police began to conduct three

---

[1] The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 10-19 & 61. The Court refers to the exhibits in ECF Nos. 10-19 as Resp. Exs., and the exhibits in ECF No. 61 as Pet. Exs.

[2] The summary of the relevant facts is drawn from the amended petition.

field sobriety tests on petitioner, all of which he failed. (*Id.*) The police decided to transport petitioner to jail, but on the way there he complained of back pain, so they took him to the hospital instead. (*Id.*) There, petitioner's blood was drawn and tested positive for the active ingredients in Valium and Percocet. (*Id.*) Petitioner was arrested at 12:45 p.m. and charged with DUI causing substantial bodily injury and the alternative charges of DUI causing death and vehicular homicide. (Resp. Ex. 4).

Before trial, the defense moved to suppress all evidence obtained as a result of the allegedly prolonged detention, including the results of the blood draw. (Resp. Ex. 6). At a hearing on the motion, defense counsel initially sought an evidentiary hearing to establish when the petitioner was detained. However, after the court concluded that there was probable cause to arrest petitioner based on the fact of the crash alone, counsel conceded that there would be no point to an evidentiary hearing. (Resp. Ex. 9 (Tr. 1-13, 16-18, 21-23)).

The defense also moved to sever the vehicular homicide charge, as proving that charge would have involved presentation of evidence of petitioner's prior DUIs. (Resp. Ex. 11). Instead of severing the charge, the court accepted the parties' stipulation that petitioner would not be tried on the vehicular homicide charge; rather, if he were convicted of DUI causing death, the prior DUIs would be treated as a sentencing enhancement to be decided by the court, and if found by the court, petitioner would be adjudicated guilty of vehicular homicide instead of DUI causing death. (Resp. Ex. 25).

Trial commenced on March 23, 2009. (Resp. Ex. 27). Pursuant to the stipulation, the jury was asked to consider only the two DUI counts, and the jury found petitioner guilty of both. (Resp. Ex. 35). Petitioner was sentenced and judgment of conviction was entered. (Resp. Exs. 38 & 39). On appeal, the Nevada Supreme Court affirmed. (Resp. Exs. 40, 41 & 47). Petitioner then filed a state postconviction petition for habeas corpus relief, which the trial court denied on the merits. (Resp. Exs. 49 & 58). The Nevada Supreme Court affirmed. (Resp. Ex. 62).

Petitioner thereafter initiated the instant action by filing a *pro se* petition for federal habeas corpus relief. (ECF No. 1). The Court found several of petitioner's claims unexhausted but granted petitioner's motion to stay and abey while he exhausted those claims in state court. (ECF Nos. 23

& 38). After returning to state court, petitioner filed a motion to reopen proceedings, along with a motion for appointment of counsel, both of which the Court granted. (ECF Nos. 41, 43 & 47). The Court also granted petitioner's motion to vacate its order partially dismissing the petition and motion for leave to file an amended petition. (ECF No. 57).

Appointed counsel thereafter filed the instant, operative amended petition, which respondents now move to dismiss in part.

## II. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one year statute of limitations on the filing of federal habeas corpus petitions. The statute imposing a period of limitations provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

A claim in an amended petition that is filed after the expiration of the one year limitation period will be timely only if the claim relates back to a timely filed claim pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as the timely claim. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same

conduct, transaction or occurrence" as prior timely claims merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 & n.5.

### A. Ground One

Ground One asserts that trial counsel entered into a stipulation that allowed the court to convict petitioner of a substantive offense, in violation of his Fifth, Sixth and Fourteenth Amendment rights. (ECF No. 60 at 10-13). Petitioner asserts that the stipulated procedure resulted in structural error, and that the stipulation violated petitioner's "Sixth Amendment autonomy right to control his defense." (*Id.* at 11).

Respondents interpret the latter allegation as a claim that petitioner's autonomy rights were violated pursuant to *McCoy v. Louisiana*, ___ U.S. ___ , 138 S. Ct. 1500 (2018), and they argue that to this extent Ground One is untimely. Ground One does not explicitly rely on *McCoy*. However, to the extent it does, it merely is a different legal theory based on the facts alleged in the *pro se* petition and therefore relates back. In the timely *pro se* petition, petitioner alleged that trial counsel was ineffective for entering into the stipulation "without [his] permission or knowledge," that the stipulation was invalid and resulted in the vehicular homicide count being a sentencing enhancement rather than a charge, and that the trial court erred in making Count 3 a sentencing enhancement. (ECF No. 6 at 4-7 & 44). These allegations are the same allegations underlying the claim in Ground One, even any *McCoy* claim, and therefore Ground One relates back to the *pro se* petition.

### B. Ground Two(B)

In Ground Two(B), petitioner asserts that "[t]rial counsel failed to argue for suppression of the blood draw results on the grounds Mr. Murray didn't consent to the draw." (ECF No. 60 at 14). Although Ground Two(B) was not part of the *pro se* petition, petitioner asserts that it relates back to his claims therein that counsel was ineffective for failing to obtain a second analysis of his blood and failing to object to the blood draw, taken four hours after the accident, as well as his assertion that such evidence should have been suppressed as an "unlawful search and seizure." (ECF No. 6 at 19-20). Petitioner further argues that his petition incorporated by reference his direct appeal, in which he asserted that the results of the blood draw should have been suppressed because the length of his detention violated the Fourth Amendment and the officers did not have probable cause to arrest him until after the results of the blood draw. (Resp. Ex. 41 at 23-29).

The Court finds that the *pro se* petition shares a sufficiently similar core of operative fact with Ground Two(B) to render Ground Two(B) timely. That is because the facts underlying Ground Two(B) – that the blood test results should have been suppressed due to lack of consent – are necessarily implied by the claim asserted in the *pro se* petition and in the state court proceedings below – that the test results should have been suppressed because they were the product of an illegal detention. Consent to a blood draw as a result of an unlawful detention would be valid only if "consent was gained through 'means sufficiently distinguishable [from the prior illegality] to be purged of the primary taint.'" United States v. Monroe, 322 F. App'x 552, 554 (9th Cir. 2009) (unpublished) (quoting United States v. Washington, 490 F.3d 765, 774 (9th Cir. 2007)). Petitioner argues in his *pro se* petition that his blood was drawn four hours after the accident amidst an unlawful search and seizure. The facts alleged would necessarily support a finding that petitioner could not have validly consented to any blood draw because, as alleged, the blood draw occurred during an unlawful seizure and would therefore be indistinguishable from the illegality. Petitioner's current argument that his blood was drawn without consent arises from the same core fact of his allegedly unlawful detention and depends upon events identical in both time and type from the originally raised episode. Therefore, Ground Two(B) relates back to the *pro se* petition.

**C. Ground Two(E)**

In Ground Two(E), petitioner asserts that trial counsel was ineffective for failing to object to the verdict form as "misleading because it mistakenly omitted the one disputed issue in the case—whether Mr. Murray was under the in-fluence at the time of the accident." (ECF No. 60 at 19). While the parties focus on whether this claim was incorporated by reference into the *pro se* petition, the Court finds it unnecessary to reach that far. In the body of the *pro se* petition itself, petitioner quotes the Nevada Supreme Court's footnote, in which it had summarily denied several of petitioner's direct appeal claims, including that "the verdict form omitted the element of impairment from the charges." (ECF No. 6 at 37). Petitioner then asserts that the Nevada Supreme Court's resolution of the claims in such a fashion violated 28 U.S.C. § 2254(d)(2). Liberally construing the *pro se* petition, the Court finds it alleges that the verdict form improperly omitted the element of impairment as the basis of a claim. As such, petitioner's claim that counsel was ineffective for failing to raise this claim shares a common core of operative fact with a claim in the timely petition. *See Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296-97 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, ––– U.S. –––, 137 S. Ct. 2058 (2017) (holding that ineffective assistance of appellate counsel claim related back to timely substantive claim). Ground Two(E) is therefore timely.

**D. Ground Five**

In Ground Five, petitioner asserts a substantive claim based on his assertion that "[t]he verdict form didn't correctly state the relevant offense." (ECF No. 60 at 23). As discussed *supra*, this claim was actually asserted in the *pro se* petition and is therefore timely.

**E. Grounds Six and Seven**

In Ground Six, petitioner asserts that the State improperly solicited evidence of his pre-arrest silence in violation of his Fifth, Sixth and Fourteenth Amendment rights. (ECF No. 60 at 24). Specifically, petitioner complains of testimony elicited that after the accident, he expressed no concern about anything except the tools in his truck. (*Id.*) In Ground Seven, petitioner asserts that the jury was tainted by two instances of juror misconduct. The first happened when one juror objected loudly that the court was having conferences outside the presence of the jury. (ECF No.

60 at 24-25). The second happened when a group of three jurors was asked by a friend of petitioner's wife which courtroom the trial was in. (*Id.* at 25-26).

Respondents assert that the core of facts these claims are based on were not in the original petition. Petitioner asserts that both claims was part of his direct appeal, that he incorporated his direct appeal (and the Nevada Supreme Court's opinion thereon) in his petition when he asked the Court to review his direct appeal on page 35 of the *pro se* petition, and that this claim therefore relates back. (ECF No. 67 at 12-13).

Petitioner's argument relies on *Ross v. Williams*, 896 F.3d 958, 966 (9th Cir. 2018). In *Ross*, the Ninth Circuit held that a habeas petition may incorporate by reference assertions in materials attached to the petition if the petition makes "clear and repeated references to [the] appended supporting brief" and the claims therein are presented with sufficient particularity. *Id.* at 966 (relying on *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005)). But even under this standard, petitioner's claims do not relate back. First, petitioner did not attach his direct appeal, so it cannot be incorporated by reference. Second, even assuming petitioner's single statement on page 35 of his brief could be interpreted to refer to the Nevada Supreme Court's opinion, he made only one such reference, so the brief was not repeatedly cited and thus not incorporated by reference.[3] Petitioner cites no authority for his argument that the references need not be repeated if the single reference is "crystal clear."

Shortly after petitioner filed his opposition, however, *Ross* was withdrawn pending rehearing *en banc*. *Ross v. Williams*, 920 F.3d 1222 (9th Cir. 2019). Petitioner asserts that the *en banc* opinion will clarify the standards related to incorporation by reference, possibly in a way that is more lenient than the standard enunciated in the withdrawn *Ross* opinion. (ECF No. 71). Because the Nevada Supreme Court's direct appeal opinion does contain sufficiently particular facts which, if deemed incorporated by reference, would provide a basis for relation back, and because the Ninth Circuit is poised to provide further guidance on the standard for determining whether a

---

[3] In every other location where petitioner references the Nevada Supreme Court's opinion, it is in relation to its specific finding with respect to a specific claim – none of which is the claim asserted in Grounds Six or Seven. (*See* ECF No. 6 at 5, 12-13, 16, 18, 20, 22, 23-24, 25, 26-27, 29-30, 35-36, 41, 48).

7

document has been incorporated by reference into a habeas petition, the Court will defer a determination of the timeliness of Grounds Six and Seven until the time of the merits disposition. If the en banc *Ross* decision has not been issued by that time, the Court will apply the standards in existence at the time of the merits disposition to determine whether the appeal has been incorporated by reference.

**III. Exhaustion**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement ensures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Respondents argue that Grounds Two(B) and Two(D) are unexhausted.

**A. Ground Two(B)**

Petitioner concedes that Ground Two(B) is unexhausted. However, he argues, the claim should be deemed "technically exhausted," although procedurally defaulted, because there remain no avenues to pursue this claim in the state courts due to various state procedural bars.

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). While it is clear that petitioner would face several procedural bars if he were to return to state

court, *see, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810, Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Supreme Court of Nevada does not recognize *Martinez* cause as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, petitioner advances only *Martinez* as a basis for excusing the default of Ground Two(B), which is an ineffective assistance of trial counsel claim. The Court therefore grants petitioner's request to consider Ground Two(B) technically exhausted.

Respondents assert, in reply, that even if the claim is technically exhausted, petitioner cannot establish cause and prejudice for the anticipated default because Ground Two(B) is plainly meritless and thus not "substantial." The Court is not inclined to agree with respondents on this

point before giving petitioner an opportunity to respond. Thus, because whether Ground Two(B) is a substantial claim of ineffective assistance of trial counsel is a question that is otherwise intertwined with the merits of the claim itself, the Court will defer a determination of whether petitioner can establish cause and prejudice to excuse the default of Ground Two(B) until the time of merits determination. Respondents may reassert this procedural defense in their answer to the remaining claims of the petition.

### B. Ground Two(D)

In Ground Two(D), petitioner argues that trial counsel was ineffective for repeatedly engaging in unprofessional conduct. He asserts that counsel: (1) "audibly chuckled at the prosecutor early into the first day of trial and continued to act obnoxious after that"; (2) called the prosecutor "robotic"; (3) was reprimanded by the trial court for his sarcastic tone and head movements but continued to act inappropriately and argue with the court, requiring a bench conference during which the court offered to "imitate" counsel to show him how obnoxious he was being; (4) got into a shoving match with the prosecutor, during which he told the prosecutor he was "talking too loud" and to "keep your mouth down," and the fighting continued even after the court intervened and told him to stop; and (5) during closing arguments, fought with the court for the way it handled an objection to defendant's argument and thereafter delivered an extended apology for his behavior to the court outside the presence of the jury. (ECF No. 60 at 17-18).

Respondents argue that the first two allegations were not part of the state petition and that Ground Two(D) is therefore unexhausted to the extent of those allegations. Petitioner responds that the allegations do not fundamentally alter the legal claim considered by the state courts and that the claim is exhausted in its entirety. Respondents reply that ineffective assistance of counsel claims are fact specific and must be separately exhausted, and that because the allegations could have the effect of tipping the scales in petitioner's favor, they do fundamentally alter the basis for the claim.

Further facts in support of a claim do not render a claim unexhausted "so long as those facts do not 'fundamentally alter the legal claim already considered by the state courts.'" *Poyson v. Ryan*, 879 F.3d 875, 894 (9th Cir.), *cert. denied*, 138 S. Ct. 2652 (2018) (citation omitted). Thus,

a petitioner may develop additional facts supporting a specific claim of ineffective assistance but may not, without rendering the claim unexhausted, add "add unrelated alleged instances of counsel's ineffectiveness to his claim." *Id.* at 895 (internal citations and punctuation omitted).

Here, the petitioner's claim is that counsel rendered ineffective assistance by engaging in repeated unprofessional conduct. The additional allegations do not present a new or different claim of ineffective assistance but rather are further examples of counsel's unprofessional conduct. In addition, considered alongside the allegations asserted in the state petition, the additional allegations do not fundamentally alter the legal claim that was presented to the state courts. Accordingly, Ground Two(D) is exhausted.

**IV. Procedural Default**

Even if a claim is otherwise exhausted, a federal court cannot review it "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The Nevada Supreme Court affirmed denial of petitioner's second petition as successive and untimely under Nev. Rev. Stat. § 34.810 and § 34.726. (Pet. Ex. 13). The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, Nev. Rev. Stat. § 34.810 is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999). The Nevada Supreme Court's decision in this case did not depend on the application of federal law in deciding that the claim was procedurally defaulted. Accordingly, the Nevada Supreme Court relied on independent and adequate state law grounds in affirming the dismissal of petitioner's second state habeas petition as untimely and successive.

Respondents argue that the following claims were exhausted only by the second state petition and are therefore procedurally defaulted: (1) the substantive claim in Ground One; (2) Ground Two(C); (3) Ground Three; and (4) Ground Eight. Petitioner concedes that these claims were exhausted only by the second state petition and concedes that under current law he cannot establish cause for the default of Ground Three. As to the other grounds, however, petitioner asserts that he can demonstrate cause for the default.

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As previously discussed, ineffective assistance of post-conviction counsel can provide a basis for cause in some circumstances. *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the United States Supreme Court created a narrow, equitable rule that allows petitioners to, in some cases, establish cause for a procedural default where the failure to raise a substantial claim of ineffective assistance of trial counsel in initial-review collateral proceedings is due to the absence or ineffective assistance of post-conviction counsel. *Id.* at 16-17. The *Martinez* rule is an exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *Coleman*, 501 U.S. at 752-54; *Smith v. Baldwin*, 510 F.3d 1127, 1146-47 (9th Cir. 2007). *Martinez* provides an exception only for substantial claims of ineffective assistance of trial counsel. It cannot supply cause to excuse the procedural default of a substantive claim of trial court error. *See Martinez*, 566 U.S. at 16-17. It cannot supply cause where the claim was defaulted because it was not raised on post-conviction appeal. *Id.* at 16 (declining to extend exception to *Coleman* to "attorney errors in other kinds of proceedings, including *appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts") (emphasis added). And it cannot supply cause to excuse the procedural default of an ineffective assistance of appellate counsel claim. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

**A. Ground One**

The ineffective assistance of counsel aspect of Ground One was exhausted in petitioner's first postconviction proceedings and is not procedurally defaulted. (*See* Ex. 62 at 6-7).[4] It is the substantive aspect of Ground One that respondents argue is defaulted. Petitioner offers three grounds for cause, all of which are either intertwined with the merits of petitioner's claims or require a more thorough analysis of the basis for Ground One. The cause arguments are therefore most efficiently considered at the time of the merits disposition. The motion to dismiss Ground 1, in part, will therefore be denied without prejudice to renew in the answer to the petition.

---

[4] Citation is to original page of document.

### B. Ground Two(C)

Ground Two(C) is a claim of ineffective assistance of counsel for failure to challenge an erroneous jury instruction. Petitioner asserts cause based on *Martinez*, 566 U.S. 1. Because petitioner represented himself in his state postconviction proceedings, and because Ground Two(C) is a claim of ineffective assistance of trial counsel, it is potentially subject to the *Martinez* exception. Whether it is a substantial claim of ineffective assistance of counsel, however, is a question that is intertwined with the merits of the claim itself. The Court will therefore defer a decision on petitioner's cause and prejudice argument with respect to this claim until the time of the merits determination. The motion to dismiss Ground Two(C) as procedurally defaulted will therefore be denied without prejudice to renew in the answer.

### D. Ground Eight

In Ground Eight, petitioner asserts that Jury Instruction 11 was fundamentally unfair. Petitioner asserts cause based on his argument that trial counsel was ineffective for failing to litigate this claim during trial. A claim of ineffective assistance of counsel used to establish cause may itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). The petitioner exhausted but procedurally defaulted the ineffective assistance of trial counsel claim in his second state postconviction proceedings, and it is the subject of Ground Two(C). Whether petitioner can establish cause and prejudice for Ground Two(C), and whether Ground Two(C) itself has merit, will determine whether Ground Two(C) can supply cause for the instant claim. The questions of cause are therefore intertwined, at the end of the day, with the question of the merits of this claim and Ground Two(C). The motion to dismiss Ground Eight as procedurally defaulted will therefore be denied without prejudice to renew in the answer.

## V. *Stone v. Powell* and Fourth Amendment Claim

In Ground Four, petitioner asserts that the results of his blood draw should have been suppressed as the result of an illegally long detention. Respondents assert this claim is precluded by *Stone v. Powell*, 428 U.S. 465, 494 (1976).

In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* Here, although petitioner filed a motion to suppress the evidence of the blood draw, which was heard by the trial court, he asserts that he was denied an opportunity to develop his claim because the trial court declined to hold an evidentiary hearing.

The Court is not persuaded by petitioner's argument. As discussed above, defense counsel conceded during argument that an evidentiary hearing was unnecessary in light of the trial court's finding that probable cause to arrest existed based on the crash itself. Nor did defendant appeal the lack of an evidentiary hearing. Petitioner therefore had a full and fair opportunity to litigate his motion to suppress, and the claim is precluded by *Stone*.

**VI. Conclusion**

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that respondents' motion to dismiss (ECF No. 64) is GRANTED IN PART and DENIED IN PART as follows:

1. Grounds Three and Four are DISMISSED WITH PREJUDICE;

2. Ground Two(B) is deemed technically exhausted but procedurally defaulted; and

3. The motion to dismiss as untimely Grounds Six and Seven and as procedurally defaulted Ground One, in part, Ground Two(B), Ground Two(C) and Ground Eight is DENIED WITHOUT PREJUDICE to respondents renewing the procedural defenses in the answer.

**IT IS FURTHER ORDERED** that in their answer, respondents shall respond to all surviving claims on the merits, in addition to raising any procedural defenses authorized by this order.

**IT IS FURTHER ORDERED** that petitioner's unopposed motion for leave to file supplemental authorities (ECF No. 71) is GRANTED.

**IT IS FURTHER ORDERED** that respondents will have sixty days from the date of entry of this order to file an answer to all remaining claims of the amended petition. Petitioner will have thirty days thereafter within which to file a reply.

**IT IS FURTHER ORDERED** that any request for an evidentiary hearing included within the opposition is DENIED WITHOUT PREJUDICE. Petitioner may renew any request for an evidentiary hearing at the same time as, and in conjunction with, the reply, in a separately filed motion.

DATED: September 6, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE